# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**VS.**                                                                 **18-cr-20254-JTF**

**GEORGE SKOUTERIS,**

    **Defendant.**

## SENTENCING MEMORANDUM OF DEFENDANT

Comes now the defendant, George Skouteris, by counsel, and would hereby file the following sentencing memorandum regarding the presentencing factors contained in the Presentence Investigation Report. Sentencing in this matter is scheduled for November 18, 2021.

## 18 U.S.C. §3553 FACTORS

**THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

The Presentence report accurately reflects the circumstances of the offense and the history and characteristics of Defendant.

**THE GUIDELINES PROMULGATED BY THE SENTENCING COMMISSION**

1

Defendant objects to ¶ 36 which states that Jacqueline Smith-Ehrat suffered a loss of $5,200.00 for the depreciation of her automobile due to the collision. The depreciation was $1,700.00. Defendant received and deposited a check from the insurance company in that amount. (Exhibit 1)

Defendant objects to ¶¶ 38-39 denying Skouteris a two-level reduction for acceptance of responsibility. "A defendant who . . . frivolously contests relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility. . . ." USSG § 3E1.1, comment. (n.1(a)). The downward departure is not intended to apply to a defendant who goes to trial denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. If a defendant goes to trial for reasons not involving factual guilt, an adjustment may be made, but will be based primarily on pre-trial statements and conduct. United States v. Watkins, 179 F.3d 489, 502, (6th Cir. 1999).

Mr. Skouteris never denied that he had misappropriated the funds of his clients. His defense was that the convergence of various factors in his life at that particular time diminished his capacity to practice law as he had for years before the criminal acts in this case occurred.

Alternatively, the Court may consider a §3553 reduction under § 5K2.13. Although the Court refused to charge the jury on Mr. Skouteris's defense of diminished capacity, § 5K2.13 states:

> A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. Similarly, if a departure is warranted under this policy statement, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.
> However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other

intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; or (4) the defendant has been convicted of an offense under chapter 71, 109A, 110, or 117, of title 18, United States Code.

None of the prohibitions on the application of this guideline apply to Mr. Skouteris. There was never any indication his impaired mental state was related to any form of intoxicant. Mr. Skouteris has been disbarred from the practice of law, rendered disabled by the Supreme Court and, therefore, cannot be a further threat to the public. There was no evidence that Mr. Skouteris was influenced by, or even had, any violent tendencies. He has no criminal history.

The relevant Application Note states: "For purposes of this policy statement 'Significantly reduced mental capacity' means the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful.

"The goal of [§ 5K2.13] is lenity toward defendants whose ability to make reasoned decisions is impaired." United States v. Cantu, 12 F.3d 1506, 1512 (9th Cir. 1993). A district court may depart downward to "reflect the extent to which the reduced mental capacity contributed to the commission of the offense." U.S.S.G. § 5K2.13. That requires only that the district court find some degree, not a particular degree, of causation between the defendant's mental condition and the commission of the offense in question. Cantu, 12 F.3d at 1515.

There was sufficient proof to show that Mr. Skouteris was hindered in the administrative side of the practice of law as a combination of a pre-existing neurological condition combined with the circumstances of his personal life – the back-to-back deaths of his parents (his father

3

was Mr. Skouteris's business partner) and his contentious divorce proceedings – to produce behavior such as depositing checks into the wrong accounts and failure to show up for his own divorce proceedings while acting as his own counsel.

Defendant objects to ¶ 44 which alleges that there were 10 or more victims of the bank fraud.

(A)     Justin Levick suffered no loss as a result of the fraud and, in fact, received the full settlement of $3,000.00 plus an additional $2,000.00 paid by Skouteris. (Exhibit 2)

(B)     Gary Crawford received the full settlement and therefore suffered no loss. (Exhibit 3)

(C)     Sherron Johnson, the mother of Denzell Davis, suffered no loss. Mr. Davis signed a settlement agreement and received his money. (Exhibit 4)

(D)     Jill Alston, the mother of Jacqueline Baker, suffered no loss. Ms. Alston was not even a party to the claim nor did she have any right to share in the recovery. The $100,000.00 settlement was a minor settlement that had to be approved by the Circuit Court judge. When the judge approved the settlement, she stated that Ms. Baker was close to reaching the age of majority and instructed Skouteris to put the money in escrow until Ms. Baker reached the age of majority. From that money, Mr. Skouteris paid for certain educational materials for Ms. Baker and paid the rest of the money to her father and legal custodian, Wendell Baker. (Exhibit 5)

(E)     Saulsberry was not a victim of the offense because before the Saulsberry claim was settled, Skouteris was disbarred and turned the Saulsberry file over to his brother, Michael Skouteris. (Exhibit 6) If these are not included as victims of Mr. Skouteris, then the number would be less than 10.

The government bears the burden to "prove, by a preponderance of the evidence, that a particular sentencing enhancement applies." United States v. Dupree, 323 F.3d 480, 491 (6th Cir. 2003). A victim for purposes of U.S.S.G. § 2B1.1(b)(2) is "(A) any person who sustained any part of the actual loss determined under subsection (b)(1); or (B) any individual who sustained bodily injury as a result of the offense." U.S.S.G. § 2B1.1, comment. (n.1). Actual loss is defined as "the reasonably foreseeable pecuniary harm." Id. at comment. (n.3(A)(i)). Pecuniary harm means harm that is "monetary or that otherwise is readily measurable in money. Accordingly, pecuniary harm does not include emotional distress, harm to reputation, or other non-economic harm." Id. at comment. (n.3(A)(iii)). Reasonably foreseeable pecuniary harm is "pecuniary harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense." Id. at comment. (n.3(A)(iv)).

## THE NEED FOR THE SENTENCE IMPOSED TO ACCOMPLISH THE PURPOSES OF SENTENCING

**A. To impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2)**

Defendant suggests a sentence of probation. This is the first time Mr. Skouteris has committed any crime. There is evidence that he would be a good probationer due to the way he has handled his release pending trial. If the Court feels that incarceration is necessary, a sentence of 12 months and a day would be sufficient, but not greater than necessary to comply with the goals of sentencing.

**B. To impose a sentence that is to reflect the seriousness of the offense**

The offense is serious, especially when there are multiple victims. Fortunately, many of the cases that Mr. Skouteris handled were relatively minor traffic collisions, keeping the amount of loss in these cases at a level where full restitution is within reach.

### C. To impose a sentence that will promote respect for the law

There is a difference in promoting respect for the law and promoting obedience to the law. "Respect" focuses on society's acceptance of a law as being proper, whereas "obedience" focuses on getting actors to comply with laws.

The circumstances of this case should promote respect for the law because Mr. Skouteris received all that the system had to offer. He had a full trial in front of a fairly selected jury. Mr. Skouteris exercised his right to not testify and his constitutional rights were honored every step of the way. These are the factors that support respect for the law. A sentence of a year and a day OR probation would each be sufficient to promote respect for the law.

### D. To impose a sentence that will afford adequate deterrence to criminal conduct

The first step in deterring future criminal conduct was taken when the Tennessee Supreme Court revoked Mr. Skouteris's right to practice law and rendered him disabled. He will not be able to regain the right to practice law until all those who were affected by his conduct are fully restored and the Supreme Court has determined his fitness. Deterrence is not as much of a concern now as restitution is to the victims.

6

### E. To impose a sentence that will protect the public from further crimes of the defendant.

The vehicle Mr. Skouteris used to commit these crimes was put out of service when he was disbarred. Despite that set back, he continues to work and support his family, testing individuals for substance abuse on behalf of their employers. There is very little chance that he is in the same position to cause the harm he caused while practicing law.

### G. To impose a sentence that will provide needed training, medical care, or other correctional treatment in the most effective manner.

Mr. Skouteris will require ongoing treatment for his neurological problems.

## VII. THE NEED TO PROVIDE RESTITUTION TO VICTIMS.

Based on his history, the events that led to this sentencing hearing are aberrant behavior for George Skouteris. The number one priority needs to be restoring the victims to the status they would have had absent the wrongdoing of Mr. Skouteris. A custodial sentence only slows, rather than hastens, that process. Mr. Skouteris needs to remain as busy as possible at gainful employment to allow the victims to begin receiving their restitution immediately.

Respectfully submitted,
LAW OFFICE OF
STEPHEN R. LEFFLER, P.C.

s/Stephen R. Leffler (11038)
Attorney for Defendant
707 Adams Ave.

Memphis, Tennessee 38105<br>
(901) 527-8830

## Certificate of Service

I hereby certify that I have served a copy of the foregoing upon:

Mr. Carroll Andre
Mr. David Pritchard
Assistant United States Attorneys
167 N. Main St., Suite 800
Memphis, TN 38103

Ms. Vanessa Roberts
United States Probation Officer
167 N. Main St.
Memphis, Tennessee 38103

This 2nd day of November, 2021.

s/Stephen R. Leffler